# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Anthony Malone and<br>Barbara Sims-Malone, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05-1209 |
| Jonathan A. Backman and<br>Law Office of Jonathon A. Backman, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and 12(b)(1). For the reasons below, the Court recommends the motion be granted and this case be dismissed for lack of jurisdiction.

### STANDARD

When considering a motion to dismiss a pro se complaint under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(b)(1), the court takes the allegations in the complaint as true, construing them liberally and viewing all facts--as well as any inferences reasonably drawn therefrom--in the light

most favorable to Plaintiffs.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004); Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990); see also Villasenor v. Industrial Wire & Cable, Inc., 929 F.Supp. 310, 312 (N.D. Ill. 1996).  Exhibits attached to the pleadings are considered part of the pleadings.  Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).   Complaints need not identify a legal theory–the question is "whether relief is possible [in federal court] under any set of facts that could be established consistent with the allegations...'"  McDonald v. Household Int'l, Inc., 425 F.3d 424, 428 (7th Cir. 2005).

## ALLEGATIONS

The Court construes the allegations liberally from the Complaint and the attachments to the Complaint (d/e 1-1), and from Plaintiffs' response to the motion to dismiss (d/e 12).  See Gutierrez v. Peters, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997)(Allegations in other filings may be considered if consistent with the complaint).  The allegations are set forth as true for purposes of this order only.

Plaintiffs hired Defendant Backman, an attorney, to represent them in a civil action in McClean County Circuit Court against their mortgage lender

for unfair collection practices, wrongful foreclosure and other potential tort claims.  (d/e 1-1, p. 18-20, 23).  The litigation also involved the distribution of insurance proceeds from fire damage to the home that secured the mortgage.  (d/e 1-1, p. 23).

Defendant Backman negotiated a settlement agreement in the litigation without the consent or authorization of Plaintiffs.  Unbeknownst to Plaintiffs, Defendant Backman circulated a proposed Settlement Agreement, representing fraudulently that Plaintiffs had approved the offer.  Plaintiffs never saw the Offer before its circulation, nor agreed to its terms, which unfairly favored the mortgage lender and disregarded the merit of Plaintiffs' claims.  Plaintiffs refused to sign the Agreement and fired Backman in or around the end of August, 2004.  (d/e 1-1, p.10).  Defendant Backman made intimidating and threatening statements to Plaintiffs during a fragile and difficult time in Plaintiffs' lives (the one-year anniversary of their son's death), in an attempt to blackmail Plaintiffs into signing the Settlement Agreement.

Plaintiffs personally appeared before the McClean County Circuit Court to tell the Court that they had not consented to the Settlement Agreement and had fired Backman.  (d/e 1-1, p. 13).  It appears that the

McClean County Court ruled against Plaintiffs, as a "Notice of Appeal" is attached to the Complaint, challenging an alleged court order to enforce the settlement. (d/e 1-1, p. 6). Plaintiffs filed a complaint against the Judge presiding over that case, and an ARDC complaint against Defendant Backman. (d/e 1-1, p.5, 7).

## ANALYSIS

The federal courts have limited power. A federal court only has the power to decide this case if it: 1) involves violations of federal law;[1] or 2) is between citizens of different states.[2] If Plaintiffs' case does not fit into one of these categories, it must be dismissed for lack of jurisdiction (meaning lack of power to hear the case). A dismissal for lack of jurisdiction does not mean Plaintiffs' claims lack merit. It means only that the claims cannot be decided by a federal court.

Plaintiffs agree that all the parties are citizens of Illinois, so no diversity jurisdiction exists. (d/e 12, p.2). That leaves only federal question jurisdiction: do Plaintiffs' allegations state a claim for the violation of a federal law?

---

[1] Called "federal question jurisdiction," 28 U.S.C. Section 1331 ("civil actions arising under the Constitution, laws, or treaties of the United States").

[2] Called "diversity jurisdiction," 28 U.S.C. § 1332.

Plaintiffs argue that Defendants violated the First, Seventh, and Fourteenth Amendments to the Constitution. They assert that Defendants breached their contract and "fiduciary dut[ies] in Transitional Matters and Professional Negligence for failure to protect against harm and injury both emotional and financial." (d/e 12, p.3). They appear to assert that Defendant Backman's conduct deprived them of life, liberty or property without due process of law. Id.

In general, the U.S. Constitution does not apply to the conduct of private persons; it applies to conduct by the government. Conduct of private parties "lies beyond the Constitution's scope in most instances, . . . [though] governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991). A private citizen is not liable for an alleged constitutional violation unless 1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and 2) "the private party charged with the deprivation could be described in all fairness as a state actor." Id.

No reasonable inference arises that Defendants might fairly be described as state actors or that governmental authority is involved in any way in Defendant Backman's actions.[3]  Plaintiff's allegations regard Backman's representation of them in civil litigation with private parties, or Backman's behavior toward them as a private individual outside that representation.

Thus, because no inference of government action arises, no claim arises under the U.S. Constitution.  Plaintiffs' claims arise under state law, if they arise at all, and belong in state court.[4]  The Court therefore must recommend that Defendants' motion to dismiss be granted, because Plaintiff states no claim under *federal* law.  The Court has no opinion on whether Plaintiffs have claims based on state law on which they might proceed in state court.

---

[3]Plaintiffs appear to concede this in their response (d/e 12, para. 6), where they agree that Backman is not a state or federal official but is still liable under the Constitution by virtue of his U.S. citizenship.

[4]The federal district court also does not have the power to review the ruling of the Judge presiding in Plaintiffs' state litigation in McClean County.  See Durgins v. City of East St. Louis, 272 F.3d 841, 844 (7th Cir. 2001)(applying Rooker-Feldman doctrine to preclude review of state court decision by federal district court).

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted (d/e 9) and this case be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:     March 8, 2006

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE